IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHANNA LOGAN, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 19-1069-JB-M |
| WINDCREEK MONTGOMERY CASINO, | : |
| Defendant. | : |

REPORT AND RECOMMENDATION

Plaintiff Channa Logan, who is proceeding *pro se*, filed a Complaint together with a Motion to Proceed Without Prepayment of Fees. (Docs. 1, 2). Logan's Motion has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). As part of the Motion's consideration, the undersigned is required to screen Logan's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions). After carefully screening the Complaint (Doc. 1), it is recommended that this action be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Middle District of Alabama.

In the Complaint, Logan states she is an adult resident citizen of DeKalb County, Georgia, and the sole Defendant, Windcreek Montgomery Casino, is an adult resident citizen of

Montgomery County, Alabama, with an address of 1801 Eddie L. Tullis Road, Montgomery, Alabama 36117.  (Doc. 1 at 1, PageID.1).  Logan maintains that this Court has jurisdiction of the parties and the subject matter of this action, even though she did not specify the exact jurisdictional basis for her action, except that on the civil cover sheet she indicates the U.S. Government is the Plaintiff.  (*Id.*; Doc. 1-1).  Assuming without deciding, Logan intends to bring an action based on diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are from different states and she seeks damages in the amount of $300,000.00 (*Id.* at 1-2), this Court would have jurisdiction, but it does not have venue to hear this action.  From the face of the Complaint, this action appears to have no connection to the Southern District of Alabama.

      Section 1391, of Title 28 of the United States Code, provides:

> (a) Applicability of section.--Except as otherwise provided by law--
> (1) this section shall govern the venue of all civil actions brought in district courts of the United States; . . . .
>
> (b) Venue in general.--A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(c) Residency.--For all venue purposes--
(1) a natural person, . . . , shall be deemed to reside in the judicial district in which that person is domiciled;
(2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and

. . . .

 (d) Residency of corporations in States with multiple districts.--For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

3

28 U.S.C. § 1391(b) (2011); *see Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371 (11th Cir. 2003) (applying § 1391(b)'s venue provisions to a diversity action).  But, when venue is not proper in the district of filing, a district court may dismiss an action or transfer it, in the interest of justice, to any other district or division where the action might have been brought.  28 U.S.C. § 1406(a) (1996); *see Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* transfer pursuant to § 1406(a) of a *Bivens* action from New York to Georgia, *cert. denied,* 562 U.S. 1250 (2011)).

In the present action, the address given for Defendant Windcreek Montgomery Casino is Montgomery, Alabama, in the Middle District.  And the events giving rise to Logan's action occurred in the Middle District when she was not allowed to use Defendant's restroom by Defendant's employee because the floor was wet, which she alleges violated her rights as an American citizen to use a public restroom.  (Doc. 1 at 1-2, PageID.1-2).  Accordingly, Logan's action appears to have no connection to this District.

Venue is therefore lacking in the Southern District and appears to be proper in the Middle District.  Considering Logan's *pro se* status, it is recommended, in the interest of

4

justice, that her action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).[1]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must

---

[1] A ruling was not made on the Motion to Proceed Without Prepayment of Fees, thereby leaving the Motion's disposition to the transferee court.

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE and ORDERED this 16th day of December, 2019.

/s/ BERT W. MILLING, JR.  
UNITED STATES MAGISTRATE JUDGE